# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONSET SOUN,<br>　　　　　Petitioner,<br>　　v.<br>ERIC ARNOLD, Warden,<br>　　　　　Respondent. | Case No. 17-cv-05600-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Bonset Soun, a prisoner housed at California State Prison-Solano, has filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. For the reasons stated below, the petition is DISMISSED.

## DISCUSSION

According to the petition, in 1992 or 1993, in Santa Clara County Superior Court, petitioner was convicted of first degree murder in the attempted commission of a robbery and two other felonies. He was sentenced to life in prison without the possibility of parole. He was one month past his 18th birthday when the crimes were committed. Petitioner claims herein that he is being denied the benefit of California's Senate Bills 9, 260, and 261.

Senate Bill 9 became law in January 2013 and authorizes a prisoner who was under 18 years of age at the time of committing an offense for which the prisoner was sentenced to life without parole to submit a petition for recall and resentencing to the sentencing court after serving at least 15 years of their sentence. *See* Cal. Penal Code § 1170(d)(2). Senate Bill 260 became law in January 2014 and established a parole eligibility mechanism for juvenile offenders with life sentences with the possibility of parole. Senate Bill 260 applied to youth offenders who were

under 18 years of age at the time of the controlling offense, but Senate Bill 261, which became law in January 2016, extended eligibility to youth offenders under 23 years of age. *See* Cal Penal Code § 3051. For example, a person who was convicted of a controlling offense that was committed before the person had attained 23 years of age and for which the sentence is an indeterminate term of 25 years to life shall be eligible for release on parole during his or her 25th year of incarceration at a youth offender parole hearing. *See* Cal Penal Code § 3051(b)(3). Petitioner claims that Senate Bill 261 violates the Fourteenth Amendment Equal Protection Clause and Eighth Amendment Cruel and Unusual Punishment Clause by denying him a youth offender parole hearing based on his prison term of life <u>without</u> the possibility of parole, while providing hearings to youth offenders who are serving indeterminate prison terms of life <u>with</u> the possibility of parole.

This Court lacks habeas corpus jurisdiction because a favorable judgment would not "necessarily lead to [petitioner's] immediate or earlier release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017). *Nettles* held that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. *Nettles*, 830 F.3d at 927-28. *Nettles* makes it clear that federal habeas relief is not available under the circumstances present in petitioner's case. A favorable judgment for petitioner would not necessarily mean immediate release from confinement or a shorter stay in prison. At most, success would entitle petitioner to a parole hearing, at which the parole board may, in its discretion, decline to shorten his prison term.

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $400 ($350 if in forma pauperis status is granted) and under the Prisoner Litigation Reform Act the prisoner is

required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Finally, petitioner is advised that his efforts to exhaust state court remedies may preclude him from litigating the same claims in a civil rights action because state habeas proceedings can have issue or claim preclusive effects on later § 1983 actions. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) (state habeas proceeding precludes identical issue from being relitigated in subsequent § 1983 action if state habeas court afforded full and fair opportunity for issue to be heard); *Gonzalez v. California Dep't of Corr.*, 739 F.3d 1226, 1230-31 (9th Cir. 2014) (extending rule of *Silverton* to cover claim preclusion as well as issue preclusion).

## CONCLUSION

1. The petition is DISMISSED for the reasons set out above. Dismissal is without prejudice to filing a federal civil rights action in the United States District Court for the Eastern District of California, where petitioner is incarcerated.

2. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is DENIED. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

The Clerk shall enter judgment and close the file. The Clerk is further directed to list Eric Arnold, Warden of California State Prison-Solano, as the respondent, in accordance with Habeas Rule 2(a).

**IT IS SO ORDERED.**

Dated: 12/6/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge